OPINION
{¶ 1} Defendant-appellant, Mark Mixner, appeals a decision of the Warren County Court of Common Pleas classifying him as a sexual offender pursuant to R.C. 2950.01.
 {¶ 2} Appellant was indicted for kidnapping, possession of criminal tools and impersonating a police officer. The charges were the result of an incident in which appellant pretended to be a police officer, pulled a 19-year-old girl over and requested that she perform sexual favors for him.
 {¶ 3} Appellant pled guilty to kidnapping and possession of criminal tools and the charge of impersonating a police officer was dismissed. At the sentencing hearing, the trial court informed appellant that a consequence of his plea to the count of kidnapping was that he could be found to be a sexual offender and thus required to register with the sheriff of the county of his residence and report regularly for ten years. Because this issue was not discussed at the plea hearing, the trial court granted a continuance to allow appellant to decide if he wanted to withdraw his guilty plea.
 {¶ 4} At a second sentencing hearing, appellant proceeded with his previous plea and was sentenced by the trial court. As part of the sentencing hearing, the trial court found that appellant was a sexual offender as defined by R.C. 2950.01. Appellant now appeals his designation as a sexual offender and raises the following single assignment of error:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FOUND HIM TO BE A SEXUALLY ORIENTED OFFENDER."
 {¶ 6} Appellant contends on appeal that the trial court erred in classifying him a sexual offender without making a fact specific inquiry regarding whether the underlying crime was committed for a sexual purpose. Appellant contends that such a determination violated his due process and equal protection rights.
 {¶ 7} As relevant to this case, R.C. 2950.01(D) defines a "sexually oriented offense" as "a violation of section 2903.01, 2903.02,2903.11 or 2905.01 of the revised code * * * that is committed with a purpose to gratify the sexual needs or desires of the offender." Appellant was convicted of kidnapping, a violation of R.C. 2905.01. However, he argues that the trial court can not find him a sexual offender without an evidentiary hearing on the issue of whether the kidnapping was committed with the purpose to gratify his sexual needs or desires.
 {¶ 8} We find that under the facts of this case it was not necessary for the trial court to hold an evidentiary hearing to determine whether appellant committed the kidnapping offense for the purpose of gratifying his sexual needs or desires. Appellant was charged in Count 1 of the indictment and pled guilty to a violation of R.C. 2905.01(A)(4). This provision reads: "No person, by force, threat or deception * * * shall remove another from the place where the other person is found or restrain the liberty of the other person for any of the following purposes: (4) To engage in sexual activity as defined in section 2907.01
of the Revised Code, with the victim against the victim's will."
 {¶ 9} Thus, in pleading guilty, appellant admitted that the kidnapping was committed with the purpose of engaging in sexual activity. Accordingly, we find that the offense committed by appellant falls squarely within the definition of a sexually oriented offense and the trial court did not err in classifying appellant as a sexual offender.
Judgment affirmed.
VALEN, P.J., and WALSH, J., concur.